UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

POLANSKI O. WARREN, SR.                                          CIVIL ACTION

VERSUS                                                           NO. 13-5160

FRANKLINTON POLICE DEPT., ET AL.                                 SECTION "B"(3)

REPORT AND RECOMMENDATION

Plaintiff, Polanski O. Warren, Sr., a state prisoner, filed this civil action pursuant to 42 U.S.C. § 1983. He named as defendants the Franklinton Police Department, Washington Parish, Mayor Mitch Fleming, Chief of Police Donald Folse, Officer James Pugh, Officer Brandon Manning, and Officer James Holmes. In order to better understand the factual basis of plaintiff's claims, the Court held a Spears hearing on August 15, 2013. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).[1] At that hearing, plaintiff testified as follows.

Plaintiff claimed that he was falsely arrested for theft by Officer James Holmes on August 20, 2009. Plaintiff had his first court appearance on that charge on January 12, 2010, and the charge was thereafter dropped.

---

[1] "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

Plaintiff also claimed that he was involved in a dispute with Officer James Pugh on June 9, 2012; however, although plaintiff was handcuffed at that time, he was not ultimately arrested, taken to jail, or prosecuted in any way as a result of that incident.

Lastly, plaintiff claimed that he was roughly handled by the officers on both occasions.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires: "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous ...." 28 U.S.C. § 1915A(b)(1).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action ... is frivolous ...." 28 U.S.C. § 1915(e)(2)(B)(i).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

Although broadly construing plaintiff's complaint and his Spears hearing testimony,[2] the undersigned recommends that, for the following reasons, his complaint be dismissed as frivolous because his claims are prescribed.

Plaintiff had only one year after his claims accrued to bring suit under 42 U.S.C. § 1983. See Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998) ("[F]or a § 1983 action, the court looks to the forum state's personal-injury limitations period.  In Louisiana, that period is one year." (citation omitted)); see also Clifford v. Gibbs, 298 F.3d 328, 332 (5th Cir. 2002); Smith v. Orleans Parish Prison, Civ. Action No. 08-3786, 2008 WL 2951279, at *1 (E.D. La. July 25, 2008).  Here, plaintiff's lawsuit was filed on or after July 18, 2013.[3] For the following reasons, it is clear that all of plaintiff's claims accrued more than one year prior to that date.

Although the limitations period is determined by reference to state law, "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law. " Wallace v. Kato, 549 U.S. 384, 388 (2007).  Under federal law, false arrest/false imprisonment claims, which are claims based on detention *without legal process*, accrue no later than the date on which the plaintiff became "held *pursuant to such process* – when, for example, he is bound over by a magistrate or arraigned on charges." Id. at 389.  With respect to plaintiff's claim based on the 2009 incident, that claim therefore accrued no later than 2010, when he went to court with respect

---

[2] The court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[3] A prisoner's complaint is considered "filed" when it is given to the prison authorities for mailing to the Clerk of Court. Cooper v. Brookshire, 70 F.3d 377, 378 (5th Cir. 1995). In the instant case, that date could not have been earlier than the date the complaint was signed, July 18, 2013.

to the charge. See id. at 389-90; McCloud v. Jarus, Civ. Action No. 09-0121, 2010 WL 103684, at *6-7 (E.D. La. Jan. 7, 2010); Jordan v. Strain, Civ. Action No. 09-3565, 2009 WL 2900013, at *2 (E.D. La. Aug. 28, 2009). Similarly, with respect to the 2012 incident, any claim concerning that dispute, whatever the claim may be,[4] accrued no later than the date of the incident, i.e. June 12, 2012. Lastly, plaintiff's excessive force claims accrued on the date those incidents occurred, i.e. August 20, 2009, and June 12, 2012, when the force was used and when plaintiff knew or had reason to know he was injured. Price v. City of San Antonio, Texas, 431 F.3d 890, 893-94 (5th Cir. 2005); see also Aduddle v. Body, 277 Fed. App'x 459, 461 (5th Cir. 2008); Everson v. N.O.P.D. Officers, Civ. Action No. 07-7027, 2009 WL 122759, at *2 n.2 (E.D. La. Jan. 15, 2009).[5]

Accordingly, all of plaintiff's claims accrued more than one year before the instant lawsuit was filed on or after July 18, 2013. Therefore, the claims are prescribed. Prescribed claims are properly dismissed as frivolous. See, e.g., Brown v. Pool, 79 Fed. App'x 15, 17 (5th Cir. 2003); Gonzales v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998); Smith, 2008 WL 2951279, at *2.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous.

---

[4] Plaintiff appears to be asserting a false arrest claim; however, as noted, he was never actually arrested or incarcerated with respect that the 2012 incident.

[5] In a supplemental filing, plaintiff submitted copies of administrative complaints he has filed against various officers. Rec. Doc. 11. Some of those administrative complaints reference other incidents not mentioned in the complaint, specifically incidents which occurred in December 2011, February 2012, and April 2012. It is unclear whether plaintiff means to assert claims based on those incidents as well; however, even if so, any such claims would likewise have been prescribed by the time this lawsuit was filed in July 2013.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[6]

New Orleans, Louisiana, this thirteenth day of September, 2013.

*[signature: Daniel E. Knowles, III]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[6] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.