```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**POLANSKI O. WARREN, SR.**                               **CIVIL ACTION**

**VERSUS**                                                **NO. 13-5160**

**FRANKLINTON POLICE DEPARTMENT, ET AL.**                 **SECTION "B"(3)**

## ORDER AND REASONS

**NATURE OF MOTION**

Before the Court is Petitioner Polanski O. Warren, Sr.'s, ("Petitioner") Objections (Rec. Doc. No. 15) to the Magistrate Judge's Report and Recommendation (Rec. Doc. No. 13), recommending dismissal with prejudice of Petitioner's civil action for deprivation of rights under 42 U.S.C. § 1983. Accordingly, and for the reasons articulated below,

**IT IS ORDERED** that the findings of the Magistrate Judge are **AFFIRMED**, that the Petitioner's § 1983 civil action is **DISMISSED WITH PREJUDICE** as frivolous, and that the Petitioner's request for issuance of a Certificate of Appealability is **DENIED**.[1]

**PROCEDURAL HISTORY**

Petitioner, Polanski O. Warren, Sr., is currently incarcerated at the Dixon Correctional in Jackson, Louisiana (Rec. Doc. No. 15, at 5). On July 18, 2013, Petitioner filed a complaint under the § 1983 Civil Rights Act against the

---

[1] We are grateful for the work on this case by Kristen Russo a Loyola Law School Extern with our Chambers.

1

Franklinton Police Department, Washington Parish, Mayor Mitch Fleming, Chief of Police Donald Folse, Officer James Pugh, Officer Brandon Manning, and Officer James Holmes. (Rec. Doc. No. 3, at 4, 6). On August 15, 2013, Magistrate Judge Knowles held a *Spears* hearing to obtain a better understanding of the factual basis for the petitioner's claims. (Rec. Doc. No. 13, at 1). *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).[2]

**LAW AND ANALYSIS**

**I. Standard of Review**

The district court must make a *de novo* determination of a Report and Recommendation from a magistrate judge to which a specific written objection is made. 28 U.S.C. § 636(b)(1)(C); *Nettles v. Wainwright*, 677 F.2d 404, 409-410 (5th Cir. 1982)(*overruled on other grounds by Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1429 (1996)).

**II. Limitation**

The statutory limitation on a § 1983 action is a mix question of state and federal law.

In a § 1983 action alleging personal injury, the court looks

---

[2] "[T]he *Spears* procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." *Davis v. Scott*, 157 F.3d 1003, 1005-06 (5th Cir. 1998). *Spears* hearing testimony becomes a part of the total filing by the *pro se* applicant. *Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996).

to the forum state's personal-injury limitations period. *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998). In the instant case the forum state is Louisiana and its personal-injury limitations period is one year. *Id.* (citing *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir. 1989). Therefore, Petitioner had one year from the date his claims accrued to file a suit under 42 U.S.C. § 1983.

Though the limitations period is governed by state law, "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by a reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007).

### III. Analysis

Petitioner raises four claims in his § 1983 action, two claims for false arrest/imprisonment and two claims for excessive force. Claims of false arrest/imprisonment are based on "detention without legal process." *Wallace*, 549 U.S. at 389. Therefore, such a claim ends and accrues when the person "becomes *held pursuant to such process* - when for example, he is bound over by a magistrate or arraigned on charges." *Id.*

Petitioner claims he was subject to false arrest/ imprisonment for theft on August 20, 2009 by Officer Holmes. (Rec. Doc. No. 13, at 1). The charges against Petitioner were dropped at his first court appearance on January 12, 2010. (*Id.*) Thus, Petitioner's claim concerning this incident accrued no

3

later than the date of his first court appearance on January 12, 2010.

Petitioner also asserts he was subject to false arrest on June 9, 2012 by Officer Pugh although he was never actually arrested or incarcerated. (Rec. Doc. No. 13, at 2). Because there was no further proceeding connected with the incident Petitioner's claim accrued on the actual date, June 9, 2012.

Lastly, Petitioner maintains he was subject to excessive force by the officers during both incidents. (Rec. Doc. No. 13, at 2). Excessive force claims accrue on the date when such force was used and when the person knew or had reason to know he was injured. *Pierce v. City of San Antonio, Texas*, 431 F.3d 890, 893-94 (5th Cir. 2005)(citing *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992). Thus, Petitioner's claims accrued on the dates the officers allegedly used excessive force, August 20, 2009, and June 9, 2012.

Petitioner filed his lawsuits on July 18, 2013. (Rec. Doc. No. 3, at 6).[3] Petitioner alleges he was unaware of that he could file his lawsuit without an attorney and due to his incarceration on December 14, 2012, he was unable to comply with the one year timing requirement. However, the claims concerning the August 20,

---

[3] A prisoner's complaint is considered "filed" when it is given to the prison authorities for mailing to the Clerk of Court. Cooper v. Brookshire, 70 3.d 377, 378 (5th Cir. 1995).

4

2009 incident extinguished long before Petitioner was incarcerated in December 2012.

As for the June 9, 2012 incident, Petitioner had until that day in 2013 to file his lawsuit and he failed to do so.

Petitioner seems to argue that he was unable to get the proper forms to file his lawsuit while incarcerated. He provided a copy of a letter he sent to the warden requesting indigent writing supplies on July 14, 2013. (Rec. Doc. No. 15, at 8). Also attached is a copy of a letter responding to Petitioner's request from an employee at the jail dated July 17, 2013. (*Id.* at 9). The letter explains that his name is on the list for indigent supplies and they are only given out once per week. However, by the time Petitioner sent this letter the limitations period had already expired, and he provides no documentation showing that he had been previously denied the material necessary to file his suit prior to June 9, 2013. Thus, even accepting Petitioner's argument that the lacked supplies, the claim still was untimely. Prisoner pro se litigants are just as responsible as represented parties for complying with procedural and substantive legal rules. *See e.g., Brown v. Pool*, 79 F. App'x 15, 17 (5th Cir. 2003).

Therefore, all of Petitioner's claims had accrued one year before he filed the lawsuit and he is barred by the statute of limitations from filing suit on his claims. § 1983 claims filed

5

beyond the applicable statute of limitations period are properly dismissed as frivolous. *Brown*, 79 Fed. Appx. at 17. Accordingly,

**IT IS ORDERED** that: the findings of the Magistrate Judge are **AFFIRMED**, overruling noted objections to same; the instant § 1983 action is **DISMISSED WITH PREJUDICE as frivolous; and that a request for issuance of a certificate of appealability is denied for the foregoing reasons.**

New Orleans, Louisiana, this 23rd day of April, 2014.

_____

UNITED STATES DISTRICT JUDGE